A96A0386. IN THE INTEREST OF R. L. M. et al., children.
(471 SE2d 245)

SMITH, Judge.

The mother of R. L. M., T. D. M., J. P. M., J. L. M., and D. M., Jr., appeals from the orders of the Juvenile Court of Madison County terminating her parental rights to all five children, ranging in age from five to nine years old.[1] Although she raises six enumerations of error, all six challenge the sufficiency of the evidence presented at the termination hearing to support the various findings required for termination of parental rights.

Termination of parental rights under OCGA § 15-11-81 is a two-step process. The court must first determine whether clear and convincing evidence exists of parental misconduct or inability. The court then determines whether termination is in the best interest of the child. *In the Interest of C. D. P.*, 211 Ga. App. 42, 43 (3) (438 SE2d 155) (1993). On appeal, the standard of review is "whether a rational trier of fact could have found by clear and convincing evidence that the natural parent's rights had been lost." (Citations and punctuation omitted.) Id. at 43-44 (3). After reviewing the record, we conclude that clear and convincing evidence exists to support terminating the mother's parental rights, and we affirm.

1. Parental misconduct or inability must be shown by findings that the child is deprived; that lack of proper parental care or control by the parent in question is the cause of that deprivation; that such deprivation is likely to continue and will not likely be remedied; and that the continued deprivation will cause or is likely to cause serious physical, mental, emotional, or moral harm to the children. OCGA § 15-11-81 (b) (4) (A).

These requirements were amply demonstrated by the evidence presented at the termination hearing. The Department of Family & Children Services (DFACS) of Madison County first became involved with these children in 1990 when they received reports of neglect. Except for six to eight months during which the two oldest children

---

[1] The father's parental rights were also terminated, but he has not appealed.

were briefly and unsuccessfully reunited with their mother, the children have been in foster care since March 1991, when the mother acknowledged she was unable to care for them and agreed to foster care for 90 days. Their father was convicted of various crimes involving child molestation, and is currently incarcerated for violating parole. His visits with the children were required to be supervised, but the mother admitted that the children's father spent time at her home and that she permitted him to visit with the children unsupervised during her own visitation periods.

Several witnesses, including counselors, day care providers, teachers, and school principals described the children's lack of cleanliness, poor nutrition, and behavior problems, including sexual acting out following visits with their mother. The mother was evaluated by a psychologist, who found the mother to have borderline intelligence, delayed personality development, a narcissistic personality disorder, and a passive/aggressive disorder. She had a strong reluctance to participate in psychotherapy.

The three oldest children were also evaluated. D. M. was found to function in the borderline educable to mentally retarded range. The next two oldest children were also evaluated by the psychologist, who found them to be borderline to mildly mentally retarded. J. L. M.'s emotional development was also stunted by his being forced to care for his siblings. The psychologist opined that all three children had special needs that will require skilled parenting, and that their mother was not able to provide the appropriate care for them.

For four and one-half years, DFACS developed numerous case plans with the goal of reunification of the family. These plans required the mother to obtain stable housing and employment, and to provide support for her children as well as basic living needs. Several counselors worked with the mother extensively to improve her parenting skills. Despite her efforts, and possibly because of her documented deficiencies, the mother was unable to comply with these goals. The mother does not have stable housing or a stable job. In her present job she works swing shifts. Her parenting skills have not improved sufficiently; she admitted at the hearing that she still needs help and would not be able to care for the children herself. Finally, the February 16, 1995 case plan mandated that the children must have permanency, and the termination petitions were filed.

This evidence showed that the children were deprived; that the mother's inability to care for them was the cause of that deprivation; that despite both the mother's and the Department's best efforts the deprivation was not likely to be remedied; and that it was likely to cause serious harm to the children. The finding of parental misconduct or inability was supported by clear and convincing evidence.

2. Turning to the second step, we also find that the juvenile court

did not err in concluding that termination of the mother's parental rights was in the children's best interest. Such a finding is, in essence, a finding that the specifics of the mother's default that were *otherwise* found to exist were of such magnitude as to warrant the conclusion that the children themselves would be better served by terminating the mother's parental rights. See *In the Interest of B. P.*, 207 Ga. App. 242, 245 (427 SE2d 593) (1993). It follows that the same factors that support the finding of parental misconduct or inability can also support a finding that termination is in the children's best interest. Id. Our review of the record shows that clear and convincing evidence existed to support the juvenile court's finding in this regard. The orders terminating the mother's parental rights are therefore affirmed.

*Judgment affirmed. Pope, P. J., and Andrews, J., concur.*

DECIDED MAY 2, 1996 —
RECONSIDERATION DENIED MAY 9, 1996 — ▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*James A. Dunlap, Jr.*, for appellant.
*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, Shalen A. Sgrosso, Stephanie M. Baldauff, Assistant Attorneys General, Fitzpatrick & Camp, Thomas A. Camp, Graham & Associates, Billy I. Daughtry, Jr., John A. Kupris*, for appellee.